25-1807-cv
Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics LTD.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
                RAYMOND J. LOHIER, JR.,
                SARAH A. L. MERRIAM,
                  *Circuit Judges*.

-----------------------------------------------------------------

MAKINA VE KIMYA ENDUSTRISI A.S.,

        *Plaintiff-Appellant*,

    v.                             No. 25-1807-cv

A.S.A.P. LOGISTICS LTD., ASAP LOGISTICS AND DEFENSE SECURITY SERVICES LTD., ASAP LOJISTIK VE SAVUNMA TICARET LIMITED SIRKETI, DEBORAH CROSS, GUVEN ACARER,

1

*Defendants-Appellees.*[*]

------------------------------------------------------------------

FOR APPELLANT:

JOHN T. RUSKUSKY, Nixon Peabody LLP, Chicago, IL (Alper Tosun, Nixon Peabody LLP, New York, NY, Juliet J. DeFrancisco, Nixon Peabody LLP, Boston, MA, Vincent Nguyen, Nixon Peabody LLP, Melville, NY, *on the brief*)

FOR APPELLEES A.S.A.P. LOGISTICS LTD., ASAP LOGISTICS AND DEFENSE SECURITY SERVICES LTD., ASAP LOJISTIK VE SAVUNMA TICARET LIMITED SIRKETI, DEBORAH CROSS:

RICHARD S. MANDEL (Jaime A. Berman, *on the brief*), Cowan, Liebowitz & Latman, P.C., New York, NY

FOR APPELLEE GUVEN ACARER:

Guven Acarer, *pro se*, Istanbul, Turkey

Appeal from a judgment of the United States District Court for the Southern District of New York (Arun Subramanian, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Makina Ve Kimya Endustrisi A.S. ("MKE") appeals from a judgment of the United States District Court for the Southern District of

---

[*] The Clerk of Court is directed to amend the caption as set forth above. Although Guven Acarer "has not participated in the case" since the District Court "granted [his] counsel's motion to withdraw from his representation[,] MKE never sought a default judgment against him." App'x 650 n.1.

New York (Subramanian, *J.*) arising from MKE's suit against Defendants-Appellees for their unauthorized use of MKE's wordmark and logo in connection with soliciting customers to purchase MKE ammunition.[1]  MKE first challenges the judgment insofar as it granted Defendants-Appellees' motion to exclude the testimony of Pamela O'Neill, MKE's damages expert, regarding reasonable royalty and corrective advertising damages, and granted Defendants-Appellees' motion for partial summary judgment as to reasonable royalty and corrective advertising damages.  MKE also challenges the judgment insofar as it denied MKE's motion for attorneys' fees.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

[1] We have jurisdiction over MKE's appeal even though the District Court never formally entered judgment in a separate document as required by Federal Rule of Civil Procedure 58.  Federal Rule of Appellate Procedure 4(a)(7)(B) provides that "[a] failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order" in a civil case. Fed. R. App. P. 4(a)(7)(B).  The District Court's October 1, 2024 stipulation of judgment disposed of all remaining claims except as to attorneys' fees.  In the order entering the stipulation, the District Court stated that "the time to file any notice of appeal relating to this matter . . . shall be extended until the [c]ourt enters an [o]rder ruling on" MKE's motion for attorneys' fees.  D. Ct. Dkt. No. 263.  MKE then timely appealed from the June 24, 2025 order ruling on that motion.  At the latest, then, the judgment became final 150 days after the District Court's attorneys' fees order was entered on the docket.  *See* Fed. R. Civ. P. 58(c)(2)(B).

## I. Reasonable Royalty Damages

MKE first argues that the District Court erred in excluding O'Neill's expert testimony on reasonable royalty damages under Rule 702 of the Federal Rules of Evidence and in granting summary judgment in favor of Defendants-Appellees as to MKE's claim for reasonable royalty damages. We disagree.

"We review a district court's determination to . . . exclude expert testimony . . . for abuse of discretion," and "[a] decision to . . . exclude . . . is not an abuse of discretion unless it is manifestly erroneous." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264–65 (2d Cir. 2002) (quotation marks omitted). It was not manifestly erroneous for the District Court to exclude O'Neill's expert testimony. *See* Fed. R. Evid. 702(b); *Amorgianos*, 303 F.3d at 267. To determine reasonable royalty damages, O'Neill calculated a royalty rate based on the royalty rates from six licensing agreements that she asserted were comparable to the license, and which would have resulted from a hypothetical negotiation between MKE and Defendants-Appellees for the "MKE" wordmark and logo when the infringement began. In doing so, however, O'Neill considered only the fact that the six licensing agreements concerned the same broad industry ("ammunition") without accounting for any differences in the type of intellectual

4

property, product, or royalty payment structure at issue. The District Court did not manifestly err in excluding the testimony on the ground that her royalty rate calculation was based on insufficient facts and data and that there was "simply too great an analytical gap between the data and the opinion proffered." *Amorgianos*, 303 F.3d at 266 (quotation marks omitted); *see LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 79–80 (Fed. Cir. 2012).

"We review a district court's grant of summary judgment *de novo*." *Granite State Ins. Co. v. Primary Arms, LLC*, 161 F.4th 160, 168 (2d Cir. 2025). Even assuming reasonable royalty damages could be imposed in this case, the District Court properly granted summary judgment in favor of Defendants-Appellees because there was no dispute of fact based on admissible record evidence as to a reasonable royalty rate and MKE's entitlement to reasonable royalty damages.

## II. Corrective Advertising Damages

MKE next argues that the District Court erred in excluding O'Neill's expert testimony on corrective advertising damages and granting summary judgment in favor of Defendants-Appellees as to that claim. We are again not persuaded. Because O'Neill's conclusion as to corrective advertising damages was speculative, the District Court did not manifestly err in excluding her expert

5

testimony.  *See* Fed. R. Evid. 702(b).  O'Neill determined corrective advertising damages by calculating MKE's combined spend on "Marketing, Sales, & Distribution" as a percentage of revenue for each year between 2013 and 2021, and applying the differential percent spend in 2022 to the revenue MKE generated in 2022.  App'x 876.  But this calculation provided O'Neill only with the total dollar amount MKE spent on *all of* marketing, sales, *and* distribution in 2022 over what it had spent historically, not how much of that spend constituted corrective advertising in response to Defendants-Appellees' infringement.  It was not error for the District Court to find that O'Neill's conclusion lacked a sufficient factual foundation.  *See Amorgianos*, 303 F.3d at 266; *United States v. DiMartino*, 949 F.3d 67, 74 (2d Cir. 2020).

Nor can we conclude that the District Court erred in granting summary judgment in favor of Defendants-Appellees on MKE's claim for corrective advertising damages.  MKE argues that, even if O'Neill's expert testimony was properly excluded, MKE's general manager's testimony and its financial statements supported a damages award for corrective advertising.  But this evidence does not demonstrate "that corrective advertising was undertaken *in response to* Defendants[-Appellees'] actions."  App'x 534 (emphasis added).

6

### III.  Attorneys' Fees

Last, MKE challenges the District Court's denial of its motion for attorneys' fees under Section 35(a) of the Lanham Act, which permits a court to "award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a).  MKE contends that the District Court abused its discretion by failing meaningfully to consider the totality of the circumstances when determining whether this case is "exceptional."  MKE points to Defendants-Appellees' alleged willful, bad faith infringement and the need for deterrence which, in MKE's view, "render[ed] this case exceptional and justif[ied] an award of attorneys' fees."  Appellant's Br. 37–38.  We disagree.  A finding of willfulness, bad faith, or need for deterrence does not necessarily render a case exceptional, *see 4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202, 215–16 (2d Cir. 2019), and the District Court considered those and other factors.  On the record before us, we cannot say that the District Court abused its discretion in denying attorneys' fees.

**CONCLUSION**

We have considered MKE's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8